**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 112509

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

| | |
|---|---|
| Howard Hertzovitz and Sean Conety, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GC Services Limited Partnership,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Howard Hertzovitz and Sean Conety, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against GC Services Limited Partnership (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Howard Hertzovitz is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff Sean Conety is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant GC Services Limited Partnership, is a Texas Partnership with a principal place of business in Harris County, Texas.

9.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.     Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12.     The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13.     Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14.     Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15.     In its efforts to collect the debt alleged owed by Plaintiff Hertzovitz, Defendant contacted Plaintiff Hertzovitz by letter ("the Letter") dated June 29, 2016. ("**Exhibit 1**.")

16.     In its efforts to collect the debt alleged owed by Plaintiff Conety, Defendant contacted Plaintiff Conety by letter ("the Letter") dated July 27, 2016. ("**Exhibit 1**.")

17.     The Letter was the initial communication Plaintiff Hertzovitz received from Defendant.

18.     The Letter was the initial communication Plaintiff Conety received from Defendant.

19.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF HERTZOVITZ**

20.    Plaintiff Hertzovitz repeats and realleges the foregoing paragraphs as if fully restated herein.

21.    The Debt was incurred on an American Express credit card.

22.    The Letter sets forth a Balance Due.

23.    Pursuant to the terms and conditions of the credit card, American Express charged Plaintiff interest on any balance carried on the account.

24.    Pursuant to the terms and conditions of the credit card, American Express charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

25.    Pursuant to the terms and conditions of the credit card, American Express charged Plaintiff other fees on the account.

26.    The right to collect from Plaintiff interest on any balance carried on the account was not waived by American Express.

27.    The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by American Express.

28.    The right to collect from Plaintiff other fees on the account was not waived by American Express.

29.    The right to collect from Plaintiff interest on any balance carried on the account was not waived by any assignee or successor-in-interest.

30.    The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

31.    The right to collect from Plaintiff other fees on the account was not waived by any assignee or successor-in-interest.

32.    Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

33.    Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance unpaid.

34.    Pursuant to the terms and conditions of the credit card, late fees continued to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

accrue on any payments due but not timely made by Plaintiff.

35.     Pursuant to the terms and conditions of the credit card, other fees continued to accrue on the account.

36.     Pursuant to the terms and conditions of the credit card, American Express and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest on any balance carried on the account.

37.     Pursuant to the terms and conditions of the credit card, American Express and any assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

38.     Pursuant to the terms and conditions of the credit card, American Express and any assignee or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

39.     Pursuant to the terms and conditions of the credit card, the legal right of American Express and any assignee or successor-in-interest to collect from Plaintiff interest on any balance carried on the account is not waived by American Express or any assignee or successor-in-interest as a result of a failure by either American Express or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest.

40.     Pursuant to the terms and conditions of the credit card, the legal right of American Express and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by American Express or any assignee or successor-in-interest as a result of a failure by either American Express or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

41.     Pursuant to the terms and conditions of the credit card, the legal right of American Express and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by American Express or any assignee or successor-in-interest as a result of a failure by either American Express or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

42.     15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

43.     The Letter failed to disclose that the balance stated may increase due to interest.

44.    The Letter failed to disclose that the balance stated may increase due to late fees.

45.    The Letter failed to disclose that the balance stated may increase due to other fees.

46.    The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF HERTZOVITZ**

47.    Plaintiff Hertzovitz repeats and realleges the foregoing paragraphs as if fully restated herein.

48.    Alternatively, even if Plaintiff's account was not subject to continued interest pursuant to the terms and conditions of the credit card – which it was – the account was subject to interest by operation of law.

49.    Plaintiff's debt was incurred pursuant to a contract between Plaintiff and American Express.

50.    N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

51.    An award of interest under § 5001 is mandatory.

52.    N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

53.    American Express and any assignee or successor-in-interest possessed a guaranteed right to interest on the Debt from, at the latest, June 29, 2016.

54.    As such, the amount stated in the Letter was subject to the accrual of interest.

55.    The Letter failed to disclose that the amount stated may increase due to interest.

56.    The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g**
**AS TO PLAINTIFF HERTZOVITZ**

57.    Plaintiff Hertzovitz repeats and realleges the foregoing paragraphs as if fully restated herein.

58.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

59.     15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

60.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

61.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

62.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

63.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

64.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

65.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

66.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

67.     The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

68.     The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

69.     The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

70.     The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

71.     The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

in the future.

72.    The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

73.    For instance, the Letter fails to indicate the applicable interest rate.

74.    For instance, the Letter fails to indicate the date of accrual of interest.

75.    For instance, the Letter fails to indicate the amount of interest during any measurable period.

76.    The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

77.    For instance, the Letter fails to indicate the amount of late fees.

78.    For instance, the Letter fails to indicate the date such fees will be added.

79.    For instance, the Letter fails to indicate the amount of late fees during any measurable period.

80.    The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

81.    The Letter fails to state whether interest, late fees and/or other fees are accruing.

82.    The Letter fails to state what part of the amount stated is attributable to principal.

83.    The Letter fails to state what part of the amount stated is attributable to interest.

84.    The Letter fails to state what part of the amount stated is attributable to late fees.

85.    The Letter fails to state what part of the amount stated is attributable to other fees.

86.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

87.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

88.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

89.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

90.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

91.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

92.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

93.    The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

94.    The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

95.    The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF HERTZOVITZ**

96.    Plaintiff Hertzovitz repeats and realleges the foregoing paragraphs as if fully restated herein.

97.    As previously set forth, the Letter sets forth a Balance Due.

98.    As previously set forth, Plaintiff was always charged interest on any balance carried on the account.

99.    As previously set forth, Plaintiff was always charged late fees on any payments due but not timely made by Plaintiff.

100.    As previously set forth, Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

101.    The Letter fails to disclose whether the amount stated may increase due to additional interest.

102.    The Letter fails to disclose whether the amount stated may increase due to additional late fees.

103.    The Letter fails to indicate whether the creditor will accept payment of the amount stated in full satisfaction of the debt if payment is made by a specified date.

104.    A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

least sophisticated consumer to have two or more meanings, one of which is inaccurate.

105.    The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

106.    The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that late fees were still accruing.

107.    The Letter could also reasonably be read by the least sophisticated consumer to mean that interest was no longer accruing.

108.    The Letter could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

109.    The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated.

110.    The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

111.    The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees.

112.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

113.    For these reasons, Defendant violated 15 U.S.C. § 1692e.

**FIFTH COUNT**
**Violation of 15 U.S.C. §§ 1692g and 1692e**
**Validation of Debts**
**AS TO PLAINTIFF HERTZOVITZ**

114.    Plaintiff Hertzovitz repeats and realleges the foregoing paragraphs as if fully restated herein.

9

115.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

116.   15 U.S.C. § 1692g(a)(3) requires that the written notice "contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

117.   A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

118.   Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

119.   When determining whether the required information has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

120.   The Letter states, "UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES." (Emphasis in original.)

121.   Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would lead the least sophisticated consumer to believe there was a prior initial written communication from Defendant.

122.   Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would confuse the least sophisticated consumer concerning the time frame to dispute the debt or seek validation of the debt.

123.   Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confusing.

124.   Defendant's addition of the words "AFTER YOUR RECEIPT OF GC

10

SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer uncertain as to her rights.

125.   Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer confused as to her rights.

126.   Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

**SIXTH COUNT**
**Violation of 15 U.S.C. § 1692g and § 1692e**
**AS TO PLAINTIFF HERTZOVITZ**

127.   Plaintiff Hertzovitz repeats and realleges the foregoing paragraphs as if fully restated herein.

128.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

129.   The written notice must contain the amount of the debt.

130.   The written notice must contain the name of the creditor to whom the debt is owed.

131.   The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

132.   The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

133.   The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

and address of the original creditor, if different from the current creditor.

134.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

135.    Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

136.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

137.    Defendant included in its letter to Plaintiff Hertzovitz certain writing in Spanish.

138.    The inclusion of Spanish in the Letter would confuse the least sophisticated consumer who does not speak Spanish.

139.    The inclusion of Spanish in the Letter would confuse the least sophisticated consumer who cannot read Spanish.

140.    The inclusion of Spanish in the Letter would confuse the least sophisticated consumer who does not understand Spanish.

141.    The inclusion of Spanish in the Letter would likely make the least sophisticated consumer uncertain as to her rights.

142.    The inclusion of Spanish in the Letter would likely make the least sophisticated consumer confused as to her rights.

143.    Defendant violated § 1692g as the inclusion of Spanish in the Letter overshadowed Plaintiff's rights.

144.    Defendant violated § 1692e as the inclusion of Spanish in the Letter made the Letter reasonably susceptible to an inaccurate reading.

**SEVENTH COUNT**
**Violation of 15 U.S.C. §§ 1692e and 1692g**
**AS TO PLAINTIFF CONETY**

145.    Plaintiff Conety repeats and realleges the foregoing paragraphs as if fully restated herein.

146.    The Debt was incurred on an American Express credit card.

147.    The Letter sets forth a Balance Due.

148.    Pursuant to the terms and conditions of the credit card, American Express charged Plaintiff interest on any balance carried on the account.

149.    Pursuant to the terms and conditions of the credit card, American Express charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

150.    Pursuant to the terms and conditions of the credit card, American Express charged Plaintiff other fees on the account.

151.    The right to collect from Plaintiff interest on any balance carried on the account was not waived by American Express.

152.    The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by American Express.

153.    The right to collect from Plaintiff other fees on the account was not waived by American Express.

154.    The right to collect from Plaintiff interest on any balance carried on the account was not waived by any assignee or successor-in-interest.

155.    The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

156.    The right to collect from Plaintiff other fees on the account was not waived by any assignee or successor-in-interest.

157.    Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

158.    Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance unpaid.

159.    Pursuant to the terms and conditions of the credit card, late fees continued to accrue on any payments due but not timely made by Plaintiff.

160.    Pursuant to the terms and conditions of the credit card, other fees continued to accrue on the account.

161.    Pursuant to the terms and conditions of the credit card, American Express and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest on any balance carried on the account.

162.    Pursuant to the terms and conditions of the credit card, American Express and any

assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

163.    Pursuant to the terms and conditions of the credit card, American Express and any assignee or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

164.    Pursuant to the terms and conditions of the credit card, the legal right of American Express and any assignee or successor-in-interest to collect from Plaintiff interest on any balance carried on the account is not waived by American Express or any assignee or successor-in-interest as a result of a failure by either American Express or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest.

165.    Pursuant to the terms and conditions of the credit card, the legal right of American Express and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by American Express or any assignee or successor-in-interest as a result of a failure by either American Express or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

166.    Pursuant to the terms and conditions of the credit card, the legal right of American Express and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by American Express or any assignee or successor-in-interest as a result of a failure by either American Express or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

167.    15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

168.    Alternatively, even if Plaintiff's account was not subject to continued interest pursuant to the terms and conditions of the credit card – which it was – the account was subject to interest by operation of law.

169.    N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

170.    An award of interest under § 5001 is mandatory.

171.    N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

172.     American Express and any assignee or successor-in-interest possessed a guaranteed right to interest on the Debt from, at the latest, June 24, 2016.

173.     As such, the amount stated in the Letter was subject to the accrual of interest.

174.     The Letter failed to disclose that the amount stated may increase due to interest.

175.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

176.     15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

177.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

178.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

179.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

180.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

181.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

182.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

183.     The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

184.     The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

185.     The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

186.    The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

187.    The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

188.    The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

189.    The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

190.    For instance, the Letter fails to indicate the applicable interest rate.

191.    For instance, the Letter fails to indicate the date of accrual of interest.

192.    For instance, the Letter fails to indicate the amount of interest during any measurable period.

193.    The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

194.    For instance, the Letter fails to indicate the amount of late fees.

195.    For instance, the Letter fails to indicate the date such fees will be added.

196.    For instance, the Letter fails to indicate the amount of late fees during any measurable period.

197.    The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

198.    The Letter fails to state what part of the amount stated is attributable to principal.

199.    The Letter fails to state what part of the amount stated is attributable to interest.

200.    The Letter fails to state what part of the amount stated is attributable to late fees.

201.    The Letter fails to state what part of the amount stated is attributable to other fees.

202.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

203.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

204.    The Letter, because of the aforementioned failures, would render the least

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

sophisticated consumer unable to determine the amount of his or her debt.

205.    The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

206.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

207.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

208.    The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

209.    The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

210.    The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

211.    The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.

212.    Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

213.    For these reasons, Defendant violated 15 U.S.C. § 1692e.


**EIGHTH COUNT**
**Violation of 15 U.S.C. §§ 1692g and 1692e**
**Validation of Debts**
**AS TO PLAINTIFF CONETY**

214.    Plaintiff Conety repeats and realleges the foregoing paragraphs as if fully restated herein.

215.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

216.    15 U.S.C. § 1692g(a)(3) requires that the written notice "contain a statement that

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

217.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

218.    Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

219.    When determining whether the required information has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

220.    The Letter states, "UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES." (Emphasis in original.)

221.    Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would lead the least sophisticated consumer to believe there was a prior initial written communication from Defendant.

222.    Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would confuse the least sophisticated consumer concerning the time frame to dispute the debt or seek validation of the debt.

223.    Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confusing.

224.    Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer uncertain as to her rights.

225.    Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the

disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer confused as to her rights.

226.    Defendant violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

## CLASS ALLEGATIONS

227.    Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt incurred on an American Express credit card, where, as here, the terms and conditions of the credit card provide for continued interest and late fees, from one year before the date of this Complaint to the present.

228.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

229.    Defendant regularly engages in debt collection.

230.    The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts incurred on an American Express credit card, where, as here, the terms and conditions of the credit card provide for continued interest and late fees.

231.    Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

232.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

233.    Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

234.    Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c.   Find that Defendant's actions violate the FDCPA; and

d.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Grant Plaintiffs' costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: June 12, 2017

**BARSHAY SANDERS, PLLC**

By:   ___/s/ Craig B. Sanders_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 112509